UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

DAVIE T. MATTIRE

CRIMINAL ACTION

NO. 09-106-JJB

## RULING & ORDER

This matter is before the Court on defendant's motion (doc. 34) to sever defendants. The government filed a motion (doc. 50) in agreement. There is no need for oral arguments. For the following reasons, the Court GRANTS defendant's motion to sever.

The government indicted together defendants Davie T. Mattire and Shawna Tickles in a three count indictment.[1] Count I charges both defendants with possession with intent to distribute fifty grams or more of a mixture containing "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1). Count II charges only Mattire with possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). Count III charges only Tickles with possession of marijuana, in violation of 21 U.S.C. 844(a)(1).

Because Mattire does not dispute the appropriateness of charging both defendants together, Rule 8(b) of the Federal Rules of Criminal Procedure is not implicated. Under Rule 14, however, courts may sever defendants if a joint trial would prejudice a defendant or the government. Fed. R. Crim. P. 14(a). The determination of risk of prejudice lies within the sound discretion of the court. *See Zafiro v. United*

---

[1] The government has filed several indictments in this matter, the most recent of which, and the one the Court refers to, was returned on October 14, 2009. (Doc. 49.)

*States*, 506 U.S. 534, 541 (1993). Yet, severance is appropriate where a joint trial would compromise a trial right of one of the defendants. *Id.*

Here, there is a strong chance that a joint trial would violate Mattire's rights under the Confrontation Clause. U.S. Const. amend. VI. The Confrontation Clause prohibits the introduction of a non-testifying codefendant's admission if that admission incriminates the other charged defendant. *Bruton v. United States*, 391 U.S. 123, 125 (1968). At trial, the government will likely seek to introduce Tickles' statement, which incriminates herself as well as Mattire. If Tickles does not testify, as is always a strong possibility in criminal trials, then the introduction of the statement would severely prejudice Mattire. Because the government concedes that it cannot avoid this prejudice by redacting Mattire's name, the Court finds that the substantial risk of prejudice dictates severance of defendants.

Accordingly, the Court GRANTS defendant's motion (doc. 34) to sever.

Signed in Baton Rouge, Louisiana, on October 16th, 2009.

JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA